## Commonwealth ex rel. *v.* O'Neil, Appellant.

*Elections—Public officers—Cities of the third class—Treasurers— Constitutional amendments of 1909—Schedule—Act of June 21, 1911, P. L. 1102.*

1. The schedule to the constitutional amendments of 1909 extended for one year the term of office of a treasurer of a city of the third class who had been elected in 1909, and therefore no valid election to fill the office could be held in November, 1911.

2. The Act of June 21, 1911, P. L. 1102, providing that the incumbents of certain offices shall hold their offices until the first Monday of December, 1911, and no longer, does not affect the office of treasurer of a city of the third class elected in 1909, because it violates the schedule of the constitutional amendments of 1909, in that (1) it shortens the term of an officer whose official term was lengthened by the schedule; and (2) it cuts down the term of such an officer to a certain number of months, thus making the term an uneven number of years.

Argued Oct. 5, 1911. Appeal, No. 235, Oct. T., 1911, by defendants, from order of C. P. No. 3, Allegheny Co., Nov. T., 1911, No. 12, awarding writ of mandamus in case of Commonwealth ex rel. Lewis N. Morgan v. J. Denny O'Neil, I. K. Campbell and S. J. Toole, County Commissioners of Allegheny County. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Petition for mandamus.   Before DAVIS, J.

The opinion of the Supreme Court states the case.

*Error assigned* was in awarding peremptory mandamus.

*George E. Alter*, of *McKee, Mitchell & Alter*, and *J. B. Eichenauer*, with them *A. B. Hay*, county solicitor, and *E. B. Vaill*, for appellants.—The term in question was extended to the first Monday of December, 1913, by the schedules for the amendments to the constitution, adopted in November, 1909: Paris v. Hiram, 12 Mass. 262; Com. ex rel. v. Sharetts, 231 Pa. 525.

The term in question having been extended prior to the passage of the act of June 21, 1911, so as not to expire in the year 1912, it could not be affected by the provisions of said act, which expressly relates to terms which "would otherwise expire in the year 1912."

*John P. Hunter*, with him *Walter Lyon*, for appellee.— Article VI, sec. 2, of the act of June 21, 1911, as respects the office of city treasurer, reducing the term from the first Monday of June, 1912, to the first Monday of December, 1911, is constitutional: Allentown v. Wagner, 214 Pa. 210; Yoho v. Allegheny County, 218 Pa. 401; Dickins Twp. Road, 23 Pa. Superior Ct. 34.

OPINION BY MR. JUSTICE MESTREZAT, October 9, 1911:

The relator presented a petition in due form to the defendants, the commissioners of Allegheny county, requesting that his name for the office of treasurer of the city of McKeesport be printed upon the official ballots in said city for the primary election for the year 1911. The request was declined, and thereupon a suggestion was filed in the court below praying for a mandamus to compel the defendants to accept the petition and print the relator's name on the ballots. He claims the right to become a candidate for the office of treasurer for a four-year term beginning the first Monday of December, 1911,

for the reason that the term of office of the present city treasurer of the city of McKeesport has been shortened by the Act of June 21, 1911, P. L. 1102, and ends on the first Monday of December, 1911. An alternative writ was issued to which the defendants made return that the city of McKeesport became a city of the third class in 1891; that pursuant to law, a city treasurer was elected at the municipal election in February, 1909, for the term of three years commencing on the first Monday of April thereafter; that the term does not expire on the first Monday of April, 1912, or on the first Monday of December, 1911, as averred in the petition, but was extended by virtue of the amendments of the constitution and schedule thereto, adopted in November, 1909, and the Act of assembly approved March 2, 1911, P. L. 8. A demurrer to the writ was filed on which judgment was entered for the commonwealth, and a peremptory writ was directed to issue. The defendants have appealed.

The learned trial court held that "no place in the schedule is there any enactment that applies directly to the officers elected in the year 1909. Nor does the schedule in relation to the extension of terms declare that it shall operate on the terms of officers heretofore elected, as well as lengthen the terms of officers hereafter to be elected until such terms shall be changed by an act of the legislature." It was accordingly held that the office of treasurer of the city of McKeesport was not included in or affected by the schedule to the amendments of the constitution adopted in 1909, and that the term of the present incumbent of the office was shortened by the act of June 21, 1911, and ends on the first Monday of December, 1911, "thus creating a vacancy to be voted for by the electors at the September primary election and the November election of this year."

This case was argued with Meisel et al. v. O'Neil et al. ante, p. 213, in which we file an opinion herewith. It is there held that the schedule to the amendments to the constitution adopted in 1909 applied to officers thereto-

fore elected and in office at the date of the approval of the amendments, and that it lengthened the official terms of such officers. That was a bill filed to restrain the commissioners of Allegheny county from printing on the ballots for the primary election to be held September 30 of this year the names of candidates for the office of mayor of the city of Pittsburg. This is mandamus to compel the same commissioners to print on the ballots for the same primary election the name of a candidate for the office of treasurer of the city of McKeesport. Both are municipal offices whose incumbents were elected in 1909 for a term of three years, and, we think, it is apparent that the reasons sustaining the conclusion in the Meisel case apply with like force to the present case, and require us to hold that the schedule extends the term of treasurer of the city of McKeesport, and that therefore no election to fill the office can be held in November of the present year. If this view is correct, the legislature has not shortened the term of the present incumbent.

The first paragraph of the schedule extends the terms of certain elective officers, but provides that "the legislature may change the length of the term, provided the terms for which such officers are elected shall always be for an even number of years." It is contended by the appellee that the act of June 21, 1911, was authorized by, and was enacted in pursuance of, this provision of the schedule, and that the present incumbent's term was legally shortened and will expire on the first Monday of December of the present year. We do not regard this position as tenable. The provision of the act in question, claimed to produce this result, is as follows: "All mayors, city controllers, and members of councils now in office, whose terms of office would otherwise expire in the year 1912, shall hold their offices until the first Monday of December, 1911, and no longer." If we are correct in holding that the schedule applies to existing officers, the terms of all such officers, except those named in the second and third paragraphs were lengthened by the schedule,

and this includes the terms of officers in office at the adoption of the amendments and which would otherwise expire in 1912.    It was, therefore, beyond the power of the legislature to shorten the terms of such officers.    There is, however, another and conclusive reason why the provision in question is not supported by the schedule.    The legislature, as will be observed, is authorized to change the length of the term of office, "provided the terms for which such officers are elected shall always be for an even number of years."    This, no doubt, was intended to apply to future terms, but however this may be, the provision of the act of June 21, 1911, above quoted does not satisfy this proviso to the schedule.    On the contrary, the provision does not deal with the term in question by fixing it at a greater or less number of "even-numbered years," but cuts the term down a certain number of months which makes the term an uneven number of years.    This is expressly forbidden by the schedule, and hence the legislature was not authorized to deal in such manner with the term of the office in question.

The judgment of the court below is reversed, and judgment upon the demurrer is now entered for the defendants.

