# Leedom, Appellant, *v.* Allen.

*Public officers—Township tax collector—Extension of term—Abolition of office—Townships of the first and second class—Constitutional amendment of November 2, 1909—Act of May 28, 1907, P. L. 273.*

1. The term of a township tax collector elected in 1909, in a township of the second class, for three years, was extended by the schedule adopted with the constitutional amendment of November 3, 1909, to the first Monday of January, 1914; but if in 1910, the township is decreed to be a township of the first class, the office of township collector is abolished through the operation of the Act of May 28, 1907, P. L. 273, and the duties of the township tax collector become vested in the township treasurer elected after the change of the status of the township.

2. In such a case when the tax collector elected in 1909, took office, his tenure of office was subject to the condition that the township might become a township of the first class, and his office be abolished by the virtue of the Act of May 28, 1907, P. L. 273.

Argued Nov. 19, 1912. Appeal, No. 171, Oct. T., 1912, by plaintiff, from order of C. P. Delaware Co., March T., 1912, No. 232, refusing writ of mandamus in case of G. Howard Leedom v. George W. Allen, Jesse D. Pierson and Thomas F. Feeley, Commissioners of Delaware County. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Petition for writ of mandamus. Before JOHNSON, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order refusing writ of peremptory mandamus.

*A. J. Williams,* for appellant.—The right to an office is not the right of an incumbent to the place but of the people to the officer. An office, therefore, not constitutional, exists by the will of the legislature only, and may

be abolished·at any time, and the incumbent has no stand-
ing to complain: Com. v. Weir, 165 Pa. 284.

*Isaac E. Johnson,* for appellees.—At the time of the
adoption of above schedule Hansell was in office. Thus
his term was extended by the provision of said schedule,
their very purpose being to apply to officers in office at
the time of their adoption, otherwise their purpose would
fail: Meisel v. O'Neil, 233 Pa. 213; Com. v. O'Neil, 233
Pa. 218; Kreisher v. Derr, 39 Pa. C. C. Rep. 607.

OPINION BY PORTER, J., February 27, 1913:

This proceeding had its origin in a petition presented
to the court below by G. Howard Leedom, treasurer
of Haverford township, Delaware county, representing
that said township had, on December 27, 1910, been
duly decreed to be a township of the first class; that at
the municipal election in said township, on November 7,
1911, the petitioner had been duly elected township
treasurer of said township and had since duly qualified
for and become township treasurer of said township;
that under the provisions of the Act of May 28, 1907,
P. L. 273, the office of township tax collector, in townships
of the first class had been abolished, and the duty and
power to collect taxes in townships of the first class had
been imposed and conferred upon the township treasurer;
that prior to the time the said township became a town-
ship of the first class it had been a township of the second
class, in which the office of township tax collector was
filled by Herbert S. Hansell, who was duly elected to
said office on February 16, 1909, for a term of three years,
to wit, from the first Monday of April, 1909, to the first
Monday of April, 1912; that it was the duty of the peti-
tioner, as treasurer of the said township of the first class,
to collect the taxes for the year 1912 and that it was the
duty of the county commissioners, the respondents, to
deliver to him, as such treasurer, the duly certified dupli-
cates for the taxes assessed according to law, for the said

year, and to issue their warrant with said duplicates
to the petitioner for the collection of said taxes; that the
petitioner had duly requested the said commissioners,
the respondents, to deliver to him the said duplicate
and warrant and that the respondents refused to comply
with said request. The petition prayed for a writ of
mandamus commanding the respondents to deliver to
the petitioner the said duplicate with their warrant.
The court below granted an alternative writ of manda-
mus, to which the respondents made return admitting the
truth of the statements of fact contained in the petition,
but denying that the office of township tax collector, held
by Herbert S. Hansell, was abolished at the expiration
of the term for which he was elected, to wit, the first
Monday of April, 1912. The return averred that: "By
the schedule adopted by the people on November 2, 1909,
along with the amendments to the constitution adopted
on that date, the term of office of said Herbert S. Hansell
as township tax collector was extended and lengthened
for one year from the time of the expiration of the term
for which he was elected, and that by the Act of Assembly
passed March 2, 1911, P. L. 8, passed to complete the
operation of the said amendments to the constitution
and the schedule adopted therewith, the term of office
of said Herbert S. Hansell was extended to continue until
the first Monday of January, 1914. Wherefore, we deny
that on the first Monday of April, 1912, the right and duty
of collecting taxes for said township of Haverford, . . . .
vested in the plaintiff as treasurer of said township."
The plaintiff demurred to this return of the defendants.
The court below held that notwithstanding the fact that
the township had become a township of the first class in
December, 1909, and that the office of tax collector for
such townships had been abolished by the Act of May 28,
1907, P. L. 273, the effect of the schedule adopted with
the constitutional amendments of November 2, 1909,
and of the Act of March 2, 1911, P. L. 8, was to continue
in office the tax collector elected in 1909 until the first

Monday of January, 1914. The court entered judgment for the defendants on the demurrer, refused the writ of peremptory mandamus and dismissed the petition. The relator appeals from that order.

The schedule adopted with the constitutional amendments of November 2, 1909, contained this provision, inter alia: "That no inconvenience may arise from the changes in the Constitution of the Commonwealth and in order to carry the same into complete operation, it is hereby declared that . . . . In the case of officers elected by the people, all terms of office fixed by acts of assembly at an odd number of years, shall each be lengthened one year; but the legislature may change the length of the term, provided the terms for which such officers are elected shall always be for an even number of years." The purpose of this schedule was to prevent the occurrence of that inconvenience which would necessarily arise from the election of officers for an odd number of years when by force of the amendments to the constitution, adopted with the schedule, elections to fill such offices could only be held at fixed times, two years apart. There were many acts of assembly which fixed the terms of public officers at an odd number of years; if those officers continued to be elected for the terms fixed by the several statutes, there would necessarily occur at the expiration of each term a vacancy, which must continue for a year before a successor could be elected. The schedule applied to all officers elected by the people whose terms were, by act of assembly, fixed at an odd number of years, and, for all practical purposes, it operated as an amendment of every one of these statutes, increasing the term of office by one year. Hansell had been elected tax collector of Haverford township, a township of the second class, in 1909, for a term of three years, which expired in April, 1912; and the effect of the adoption of the constitutional amendments and schedule, was to extend his term for one year, precisely as if the statute under which he was elected had provided that his term should be for four years;

Meisel v. O'Neil, 233 Pa. 213; Com. ex rel. v. O'Neil, 233 Pa. 218. The only effect of the schedule, however, was to operate as an amendment of the statute, by extending the term. It did not change the character of the office and make that which was before only a legislative office a constitutional one, nor did it change any of the incidents or conditions upon which the incumbent held the office. The office of tax collector, in a township of the second class, is one which owes its existence exclusively to legislative authority, and the legislature may abolish it at any time, and the incumbent has no standing to complain: Com. v. Weir, 165 Pa. 284; Lloyd v. Smith et al., 176 Pa. 213. This being the character of the office, it necessarily follows that the legislature may prescribe in advance that when certain conditions intervene, such as a legal and orderly change in the form of local municipal government, the office shall be abolished.

When Hansell was elected tax collector of a township of the second class, in February, 1909, he took office subject to the conditions of the law then existing. One of the incidents of the office was that the term was for three years, but this was changed by the adoption of the schedule to the constitutional amendments, and became four years. His tenure of office was, however, subject to other conditions, one of which was that the township might become a township of the first class. The legislature had, by the Act of May 28, 1907, P. L. 273, ordained as follows: "That the office of township tax collector, in townships of the first class, is hereby abolished, and from and after the expiration of the respective terms of the township collectors now in office, all taxes imposed on and accruing from persons and property within the respective townships of the first class of this Commonwealth . . . . shall be collected by the township treasurer of the respective townships of the first class,"etc. There can be no question as to the legislative intention in this statute; it was that in the system of government which should prevail in townships of the first class the office of tax collector should

have no place. Prior to that time the office of township tax collector, in townships of the first class, had been authorized, and there were township tax collectors then in office in such townships. The legislature not deeming it expedient to remove from office those who had before that time been lawfully elected, saw fit to permit them to continue the discharge of their duties to "the expiration of their respective terms." But, in order to provide for uniformity in the government of such townships, and being resolved that the office of township tax collector should in such government have no place, declared the legislative will to be that, "after the expiration of the respective terms of the township collectors now (that is on May 28th, 1907), in office, all taxes imposed . . . . shall be collected by the township treasurer of the respective townships of the first class." There can be no question that it was within the power of the legislature to thus abolish the office of tax collector in townships of the first class: Cornman v. Hagginbotham, 227 Pa. 549.

When in December, 1910, Haverford township was duly decreed to be a township of the first class, the people of that township acquired the right to have such officers as were necessary to adjust it to the form of government provided for the class into which it went, and the office of township tax collector was abolished, it ceased to exist: Com. v. Wyman, 137 Pa. 508; Com. ex rel. v. MacFerron, 152 Pa. 244. This was not a case of a vacancy in an office, or of the term for which the incumbent held an existing office; there was no such office. The question presented by the return of the respondents in this case was not whether the term of office of the tax collector of a township of the second class was extended by the adoption of the schedule to the constitutional amendments. The question was, whether such a tax collector should continue in office after the township had been lawfully decreed to be a township of the first class, in the government of which the law declared that such office should have no place. The demurrer of the petitioner to the return of the respondents

ought to have been sustained, and he was entitled to the relief prayed for.

The decree of the court below is reversed, and the record is remitted to the court below with direction to enter judgment for the plaintiff on the demurrer and award the writ prayed for.