## Com. ex rel. v. Northumberland County Commissioners.

C. C. Lark, for plaintiff; F. B. Moser, for Poor District.

J. A. Welsh, S. F. Gribbin and Unger & Sons & McCormick, for defendants.

STROUSS, P. J., and LLOYD, J., Aug. 20, 1928.—This proceeding was initiated upon the petition of Edward Raker, District Attorney of Northumberland County, representing that James P. McCormick was the duly elected Township Treasurer of the Township of Coal, a township of the first class; that he died on Feb. 24, 1928; that Abe L. Snyder was duly appointed treasurer by the Commissioners of Coal Township on Feb. 27, 1928; that he filed his oath of office and gave bond in the amount prescribed by the township commissioners, which bond was approved and filed by them; that the said Abe L. Snyder held the said office, performing the duties thereof from Feb. 27, 1928; that the said Abe L. Snyder had taken his oath of office and had filed the

same, together with his bond to the Commonwealth of Pennsylvania in the amount of taxes charged and assessed in the State and county duplicates duly approved by the court in the Court of Quarter Sessions; that on April 1, 1928, he notified the respondents of his election and appointment as treasurer; that, thereupon, respondents placed the duplicates for the county and State taxes for the Township of Coal for 1928 in the hands of the said Abe L. Snyder, but have refused, and still refuse, to attach the necessary warrant authorizing and empowering the said Abe L. Snyder to collect the said taxes; that demand has been made for such warrant and has been refused; that he is without adequate remedy at law; praying a writ of mandamus in the alternative form requiring the respondents to draw, sign and issue said warrant for the collection of taxes or show cause why they should not do so.

Agreeably to the prayer of the petition, a writ of alternative mandamus issued.

To this writ respondents filed a responsive return, in which they admitted the election of the said Abe L. Snyder to the office of township treasurer, but denied the legality of such election, *(a)* because one of the commissioners who voted for him illegally held his office, and *(b)* that at the time of his election he held the office of township solicitor, an incompatible office. Respondents deny that as Treasurer of Coal Township he is entitled to collect the county taxes, averring that a vacancy existed in the office of township tax collector, which was filled by the appointment, by the respondents, of Annie McCormick. The respondents admit having received a letter or notice from Abe L. Snyder that he was appointed Treasurer of Coal Township, and their refusal to deliver to him a warrant to collect the State and county taxes for the reasons above stated. To this return the petitioner filed a responsive reply, denying the allegations and averments of the answer and averring that there was no vacancy in the office of tax collector and that the appointment of Annie E. McCormick was without authority in law and null and void.

The questions involving the right of Abe L. Snyder to the office of township treasurer have been disposed of by us in an opinion filed this day in the *quo warranto* case, Com. ex rel. Edward Raker *v.* Abe L. Snyder, to No. 481, September Term, 1928 [11 D. & C. 224]. We there decided that Abe L. Snyder was the duly and legally elected and qualified Treasurer of Coal Township. His right to collect the taxes of the county is found in the 274th section of the Act of July 14, 1917, P. L. 840, at page 869, which section is as follows:

"The township treasurer in townships of the first class, by virtue of his office as treasurer, shall be tax collector. He shall collect all State, county, township, school, poor and other taxes, within such township of the first class, levied by authorities empowered to levy taxes. He shall, in addition to the powers, duties and responsibilities enumerated in chapter eight, article one, have all the powers, perform all the duties, be subject to all the obligations and responsibilities, and receive the same compensation for collecting such taxes other than township taxes, as are now by law vested in, conferred upon, or imposed upon, or received by, collectors of the several classes of taxes hereinbefore mentioned.

"It is the purpose and intent of this section that no taxes shall be collected in any township of the first class except by the treasurer of the township."

It is the contention of the respondents that the Act of May 28, 1907, P. L. 273, which was expressly repealed by the "General Township Act" of 1917, having contained the provision "that the office of township tax collector in townships of the first class is hereby abolished," and, the repealing act, in its 274th section, not containing these words, the office of tax collector

is no longer abolished in townships of the first class. With this contention we cannot agree. Without the words referred to, the provisions of the Act of 1907 abolished the office of tax collector in townships of the first class, and the statement of the effect of the act was unnecessary except to remove doubt, if any existed, and the provisions of the 274th section of the "General Township Code" are equally as effective. Again, in the 3rd section of the Act of 1917, the "General Township Code," the following appears: "The provisions of this act, so far as they are the same as those of existing laws, are intended as a continuation of such laws and not as new enactments. The repeal by this act of any Act of Assembly, or part thereof, shall not revive any act, or part thereof, heretobefore repealed or superseded, nor affect the existence or class of any township heretobefore created. . . ."

It thus appearing that the office of tax collector in townships of the first class is abolished, it follows that the township treasurer is the collector of the State and county taxes by virtue of his office: "General Township Code," 1917, § 274; Leedom *v.* Allen, 52 Pa. Superior Ct. 529; Cornman *v.* Hagginbotham, 227 Pa. 549. But it is the contention of the respondents that on the same day that Snyder was elected by the board of township commissioners to the office of township treasurer, the respondents elected, upon the petition of twelve citizens of Coal Township, Annie McCormick as township tax collector. Both appointments were made within four days of the death of the elected late incumbent. There is here no contention by the respondents that the appointment of Annie McCormick is valid if no vacancy existed, and, certainly, unless the 130th section of the "General Township Code" is nullified, there was no vacancy to be filled. Nor does the Act of Assembly of May 17, 1917, P. L. 221, under which the appointment was endeavored to be made, have reference to townships of the first class. For these reasons the writ must be sustained.

And now, Aug. 20, 1928, the writ is sustained, and it is ordered, directed and decreed that the defendants turn over to Abe L. Snyder, township treasurer, the necessary warrant for the collection of State and county taxes, to the end that the collection of the taxes may be proceeded with. The costs to be paid by the County of Northumberland. An exception is noted and bill sealed for the defendant.                     From C. M. Clement, Sunbury, Pa.