## Cornman v. Hagginbotham, Appellant.

227   549
f227  550

*Constitutional law—Local and special legislation—Townships of the first class—Collection of taxes—County treasurers—Act of May 28, 1907, P. L. 273—Act of May 1, 1909, P. L. 301.*

1. When the legislature enacts general laws to secure uniformity of procedure and to displace local legislation, courts should not be over astute to defeat the purpose.

2. The court will look at the substance and not the form of legislation in determining whether an act is general or special. A local or special act repugnant to the general law will be declared void, though it may be disguised as a general act.

3. The Act of May 28, 1907, P. L. 273, relating to the collection of taxes in townships of the first class is not unconstitutional; it is not special or local legislation within the meaning of sec. 7, art. III, of the constitution; it does not offend against sec. 6, art. III, of the constitution when it declares that the township treasurer shall have the powers of the tax collector whose office was abolished in townships of the first class; nor does it offend against sec. 13, art. III, of the constitution, as diminishing the emoluments of a public officer during his term.

4. The Act of May 1, 1909, P. L. 301, is unconstitutional: because it is an attempt indirectly to enact a special or local law by the partial repeal of a general law, contrary to sec. 7, art. III, of the constitution; and because it is special or local legislation inasmuch as it is an attempt to affect only a part of the townships of the first class as to a matter in which all first class townships have exactly the same interests.

5. The special Act of March 17, 1868, P. L. 342 was repealed by the General Act of May 28, 1907, P. L. 273.

Argued Feb. 1, 1910. Appeals, Nos. 373, 374 and 375, by defendant, from decrees of C. P. Montgomery Co., March T., 1909, Nos. 8, 9 and 10, on bills in equity in cases of William H. Murphey, Township Treasurer of Cheltenham Township v. William M. Hagginbotham, Treasurer of Montgomery County

John M. Harmer, Township Treasurer of Abington Township, v. William M. Hagginbotham, Treasurer, etc., and Henry D. Cornman, Township Treasurer of Lower Merion Township, v. William M. Hagginbotham, Treasurer, etc. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction.

The facts appear in the following opinion by SWARTZ, P. J.

This is a contest over the right to collect state and county taxes for 1909, in a township of the first class. Such right being claimed by the township treasurer of Lower Merion township, Montgomery county, and also by the county treasurer of said county.

### FINDINGS OF FACT.

1. Lower Merion township in the county of Montgomery is a township of the first class, since December 7, 1899.

2. Henry D. Cornman was duly elected and is acting as treasurer of said township, having been elected as treasurer at the general township election held in said township on the third Tuesday in February, 1909, for the term of three years.

3. That the defendant, William M. Hagginbotham, is the county treasurer of said county, having been duly elected at the general election held in said county, on November 5, 1907.

4. That the county commissioners of said county claiming to act under the provisions of the act of March 17, 1868, P. L. 342, and the act of May 1, 1909, have issued to the said William M. Hagginbotham the duplicates for the state and county taxes levied or assessed in the said township of Lower Merion, and the said William M. Hagginbotham as such treasurer for the county of Montgomery, is proceeding to collect said taxes.

### CONCLUSIONS OF LAW.

1. The Act of May 28, 1907, P. L. 273, is not unconstitutional.

(*a*) It is not special or local legislation within the meaning of sec. 7 of art. III of the constitution of Pennsylvania.

(*b*) It does not offend against sec. 6 of art. III of the constitution when it declares that the township treasurer shall have the powers of the tax collector whose office was abolished in townships of the first class.

(*c*) The act does not offend against sec. 13 of art. III of the constitution. It does not diminish the emoluments of the county treasurer or constable after they were elected.

2. The act of May 1, 1909, numbered 194, of the acts of the General assembly of the year 1909, is unconstitutional.

(*a*) Because it is an attempt to indirectly enact a special or local law by the partial repeal of a general law, contrary to sec. 7 of art. III of the constitution.

(*b*) Because it is special or local legislation inasmuch as it is an attempt to affect only a part of the townships of the first class upon a matter in which all first class townships have exactly the same interests.

ARGUMENT.

The said act of May 28, 1907, is not local or special legislation.

The courts have held that classification of townships into townships of the first class and townships of the second class is not prohibited by the constitution: Commonwealth v. Blackley, 198 Pa. 372; Krzykwa v. Croninger, 200 Pa. 359.

The various powers conferred upon townships of the first class by the act of 1899, which made the classification, as well as by the numerous subsequent acts, show the wisdom of the classification and the differences in the needs of the respective classes. There are manifest peculiarities clearly distinguishing one class from the other, and these differences demand legislation for each class, separately, that would be useless and detrimental to the other: Commonwealth v. Gilligan, 195 Pa. 504. A law applying to townships of the first class is, therefore, not special or local.

But it is argued that there is no difference in the needs of the respective classes that calls for a different system of tax collection. If this were a new question it might be of interest to inquire whether there were not differences in the respec-

tive needs of the two classes even so far as the collection of taxes is concerned.

The act of 1885 provided for the election of a township tax collector in townships and boroughs. The act was held constitutional, Evans v. Phillipi, 117 Pa. 226, "We hold the act of 1885 to be a general law. It is a general law relating to the collection of taxes, in the boroughs and townships of the state; boroughs and townships are created by general laws, and are the proper subjects of appropriate, independent, general legislation as such; and the act establishes a general system peculiarly adapted to the convenience and necessities of the municipal divisions named." What is said as to these municipal divisions is equally true of townships of the first class.

To separate boroughs from cities was just as marked a division under the act of 1885 as the separation of townships of the first class from those of the second class under the act of 1907. Both acts refer to the same subject matter, to wit: How the state and county taxes shall be collected, or rather who shall collect them. If the act of 1885 is not local legislation, it follows that the act of 1907 cannot be. That the act of 1885 was not in violation of the constitution as a local or special enactment obnoxious to sec. 7 of art. III of the constitution or in conflict with sec. 1 of art. IX, requiring uniformity in the levy and collection of taxes, was reaffirmed in Bennett v. Hunt, 148 Pa. 257, and Commonwealth v. Lyter, 162 Pa. 50.

We do not consider that the case of Van Loon v. Engle, 171 Pa. 157, militates against the views expressed in Evans v. Phillipi and its followers. In the Van Loon v. Engle case, the serious difficulty in the way of the Act of June 2, 1881, P. L. 45, was the provision of the constitution that no liens should be created or extended by a local or special law. Mr. Justice WILLIAMS wrote the opinion in the Van Loon case, and we note that he drew a clear distinction between an act which attempts to regulate the collection of taxes and one which attempts to formulate a method by which a lien for taxes may be created. In Com. v. Macferron, 152 Pa. 244,

he said, "We are asked to reverse the court below for the reason that an act relating to the collection of taxes, in a given class of cities, is local and violates section one of article IX of the constitution. We regard this question as already settled against the appellant. We have repeatedly held that the power to classify being conceded, the conclusion that an act passed for a class was not a local law, within the prohibition of the constitution was irresistible."

The act of 1907 does not offend against sec. 6 of art. III of the constitution. This section declares, "No law shall be revived, amended or the provisions thereof extended or conferred by reference to its title, but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length."

The act of 1907 in its first section abolishes the office of township tax collector, in townships of the first class, and directs that the township treasurer of the respective townships shall collect taxes. The section then provides that the township treasurer shall have all the powers and be subject to all the responsibilities that are now conferred upon or imposed upon the collectors of taxes. In other words the powers and duties of a tax collector are in no manner changed. The many acts relating to tax collectors are to remain as they now stand upon the statute books. The duties, powers and laws governing the office of tax collector remain unchanged, although the collector is called by a different name. He is elected by the same people and calling him township treasurer does not change the law as to the powers, duties and responsibilities conferred and imposed upon tax collectors by the existing laws in the various counties. If these powers and duties had not been referred to in the act of 1907, they would have devolved upon the tax collector and he would have been governed by them, no matter under what name he acted as the duly qualified collector. "No act can be rendered unconstitutional by a section which makes no change whatever in the law as it was before, and which might have been omitted without any effect whatever," Knisely v. Cotterel, 196 Pa. 614.

True, in the county of Montgomery, the county treasurer collected the state and county taxes with the aid of the constable, after September 15, in each year, but the powers and duties conferred upon the county treasurer and the constables, so far as they govern the office of collector itself, remain unchanged. To re-enact and publish at length the duties and powers of a tax collector as declared in the various acts of assembly, now in force, would be utterly useless.

We think the objection of the constitutionality of the act of 1907, so far as the point now under consideration is concerned, is answered by the opinion of the court in Lloyd v. Smith, 176 Pa. 213. The act then before the court substituted in certain counties the office of county controller for that of county auditor. Section 15 of said act provided, "All the duties devolved on the county auditors by the Act of April 15, 1834, P. L. 537, and all powers conferred on them by said act shall be performed and exercised by the county controller." Here powers and duties are conferred by reference to the date of a certain act. The title is not given and of course the powers conferred are not re-enacted and published. Among other things the court said, "The fifteenth section of the act of 1895 is not a revival, amendment, extension or conferring of the provisions of the act of April 15, 1834, so as to bring it within the prohibition of section 6 of article III of the constitution. It makes no change in the duties of the office, but merely in the name of the officer by whom they are to be performed. If the act had provided 'the officer now known as the county auditor shall hereafter in all counties having one hundred and fifty thousand inhabitants and over, be called the county controller, and shall in addition to the duties and powers of said officer have the following,' then enumerating the new duties and powers covered by the act, its effect would have been precisely the same, and yet it could hardly have been contended that it was unconstitutional for not re-enacting at length all the provisions of the act of 1834." The act of 1885 creating the office of tax collector has the same provision, and this act

was before the Supreme Court again and again and its constitutionality was never successfully attacked.

The act of 1907 was passed on May 28, 1907. The county treasurer was elected in November, 1907, and the triennial election for constable was held in February, 1908, so that the persons who would be affected by the act of 1907 were elected after the passage of the act. They knew that if the act prevailed the township treasurers would receive the tax duplicates for 1909. The respective terms of the township tax collectors in office, when the act of 1907 was passed, expired before the taxes for 1908 became collectible. The act of 1907, gave full notice that it would go into effect as soon as the collectors in office had fulfilled their respective terms.

The emoluments of the county treasurer were not diminished after his election, they were fixed definitely before his election. That he would not receive the duplicates for townships of the first class for the year 1909 was fixed in 1907, before his election to office in that year. There was no contingency as to the time when the act of 1907 should go into effect. In this respect the case differs from that cited by the defendant's counsel, Guldin v. Schuylkill County, 149 Pa. 210. The county passed into the class having a population of 150,000, but when that condition should arise no one could positively state at the time the coroner was elected. At least no census had determined that the county entered the higher class and the federal census was the method by which the fact must be ascertained. There was in that case "an agreed consideration" that the compensation should continue as prescribed, at the time the coroner accepted his office. In our case no such agreement can be urged, for the county treasurer was informed that his salary or compensation was fixed at different basis for 1909 from that which prevailed in 1908 and this notice he had prior to his election.

We cannot give effect to every part of the act of 1907, without holding that the special Act of March 17, 1868, P. L. 342, is repealed. The provision in the second section of the act of 1907, "that it is purpose and intent of this act that no taxes shall be collected in any township of the first class of this

commonwealth, save only by the treasurer of said township," is entirely ignored if we allow the special act of 1868 to stand or remain. It is evident that the purpose of the act is to secure uniformity in the office of tax collectors for townships of the first class. Local acts are not favored by our constitution. When our legislature enacts general laws to secure uniform procedure and to displace local legislation, courts should not be over astute to defeat the purpose. In the ten counties in which there are townships of the first class, the methods of securing tax collectors are about as varied as special legislation can make them.

We conclude that the act of 1907 is constitutional.

An examination of the act of May 1, 1909, satisfies us that it cannot be sustained. It is clearly an attempt to restore to the county treasurer that which was taken away from him by the act of 1907.

The act of 1909 is defined in its title as an amending act. It purports to amend the second section of the act of 1907. It cited this section for amendment. The second section as originally enacted was careful to repeal all laws general and special which might interfere with a township treasurer in his collection of all taxes in his township. This was made the more emphatic by a specific declaration that no taxes shall be collected in any township of the first class save only by the treasurer of the said township. The act of 1909 now attempts to strike down this general provision that all local laws are repealed, by declaring that the county treasurers shall continue to collect state and county taxes wherever by existing laws such duties and powers were conferred upon him.

The act of 1907 repealed the special act of 1868 applicable to the treasurer of Montgomery county, if we are correct in our interpretation of the act of 1907. The terms of the tax collectors throughout the state expired on the first Monday of April, 1909. It was then that the act of 1907, according to its terms, went into effect. The act of 1909 was not passed until a month later. There was no general act giving to county treasurers the right to collect taxes. If there was any such general act it was repealed by the act of 1885. That act

repealed all general acts inconsistent with its provisions, but saved all local acts. So far, therefore, as the act of 1909 attempted to restore to county treasurers the powers of a tax collector it attempted to revive a local law. The act of 1907 was a general law as already shown. We may call the act of 1909 an amendment, but the name cannot disguise the fact that it is a partial repeal of the general act of 1907 whereby a local act is indirectly enacted contrary to the provisions of the seventh section of article III of the constitution.

There was no existing law on May 1, 1909, giving to county treasurers the power to collect state and county taxes. Prior to 1907 there was a local act in Montgomery county to that effect. There was a similar local act in the county of Allegheny. These were the only counties having townships of the first class and local acts giving to the county treasurer the right to collect state and county taxes. If we give effect to the act of 1909, we have the two local laws restored, one for Montgomery and one for Allegheny. There was no power in the legislature to enact such special laws, without publication. If we sustain the act of 1909 then the legislature may do indirectly what it cannot do directly. It is said that the amendment of 1909 speaks as of the day when the act of 1907 was passed. This no doubt is true so far as the amendment speaks within legislative authority. But this rule cannot be invoked to defeat the constitution itself. A rule of interpretation of statutory enactments which sustains local legislation in conflict with the seventh section of article III of the constitution must give way to the mandates of the constitution. "Existing laws," as used in the act of 1909, must mean existing at the time of the passage of the act of 1909. This was the interpretation given to a similar amendment in Webster v. State, 82 S. W. Repr. 179 (Tenn.).

The court will look at the substance and not the form of legislation in determining whether an act is general or special. A local or special act repugnant to the fundamental law will be declared void, though it may be disguised as a general act, Sample v. Pittsburg, 212 Pa. 533. The act of 1909 establishes a local system for the collection of taxes. It applies

to the counties of Montgomery and Allegheny alone.  It is manifest that this must have been the intent of the act for it was sure to bring about such a result.  It was beyond the power of the legislature to bring about such a result without bringing itself in conflict with the constitution.  The act is, therefore, void: Chalfant v. Edwards, 173 Pa. 246.

There are many general acts of the legislature with a section repealing certain local acts.  It would be an easy matter to circumvent the prohibition against local legislation, if years after an act is passed, a law, in the guise of an amendment, may be enacted, whereby the former repealing clause is modified so as to revive one or more of the local laws covered by the former repealing clause.

We conclude that the act of 1909 is a clear case of an attempt to revive a local law.  The act is local legislation.

We express our thanks to counsel on each side for the valuable briefs submitted.

. And now July 1, 1909, after final hearing on bill and answer, and after due consideration, it is ordered and adjudged that the prothonotary enter a decree nisi directing and requiring the said defendant, treasurer of Montgomery county, to return to the county commissioners of said county the tax duplicates for state and county taxes for Lower Merion township, delivered to him, so that the said duplicates may be delivered to the said plaintiff, the township treasurer of Lower Merion township, for the collection of taxes by him as provided by the act of May 28, 1907, and, unless exceptions are filed to our findings and conclusions of law as provided by the equity rules, the prothonotary will enter a final and absolute decree accordingly as of course.  The costs are placed upon the defendant.

*Error assigned* was the decree of the court.

*J. Whitaker Thompson*, with him *C. S. Sheive*, for appellant.—Assuming the constitutionality of the act of May 28, 1907, that act did not repeal the local Act of March 17, 1868, P. L. 342, and the supplements thereto providing for the col-

lection of state and county taxes by the county treasurer of the county of Montgomery: Monongahela Bridge Co. v. Pittsburg & Birmingham Railway Co., 114 Pa. 478; Commonwealth v. Cuyler, 5 W. & S. 275; Thomas v. Hinkle, 126 Pa. 478; Brady St., 99 Pa. 591; Kolb v. Church, 18 Pa. Superior Ct. 477.

The act of May 28, 1907, is unconstitutional in that it offends against the provisions of art. III of sec. 6 of the constitution: Donohugh v. Roberts, 11 W. N. C. 186; Pittsburg's Petition, 138 Pa. 401; Titusville Iron Works v. Keystone Oil Co., 122 Pa. 627.

The act of 1907 is unconstitutional because it is a local or special law: Chalfant v. Edwards, 173 Pa. 246; Montgomery v. Com., 91 Pa. 125; Scranton v. Silkman, 113 Pa. 191; Van Loon v. Engle, 171 Pa. 157; Evans v. Phillipi, 117 Pa. 226.

*Ardemus Stewart*, with him *John M. Dettra, Montgomery Evans* and *Frank S. Gentry*, for appellees.—The Act of May 28, 1907, P. L. 275, did repeal the local Act of March 17, 1868, P. L. 342, and the supplements thereto in so far as those acts apply to the collection of taxes in townships of the first class: Haddock v. Com., 103 Pa. 243; Pittsburg v. Kalchthaler, 114 Pa. 547; Sener v. Ephrata Boro., 176 Pa. 80; Com. v. Pedder, 208 Pa. 28.

The act of May 28, 1907, does not offend against the provisions of sec. 6 of art. III of the constitution: In re Greenfield Ave., 191 Pa. 290; Machinery Co. v. Browne, 206 Pa. 543; Com. v. Black Co., 223 Pa, 74; Lloyd v. Smith, 176 Pa. 213.

The act of May 28, 1907, is not a local or special law: Com. v. Blackley, 198 Pa. 372; P. & R. Coal & Iron Co.'s Petition, 200 Pa. 352; Anderson v. Lower Merion Township, 172 Pa. 369; Kilgore v. Magee, 85 Pa. 401; Lehigh Valley Coal Co.'s App., 164 Pa. 44; Com. v. Gilligan, 195 Pa. 504; Phila. Co.'s Petition, 210 Pa. 490; Knisely v. Cotterel, 196 Pa. 614; Evans v. Phillipi, 117 Pa. 226; Com. v. Lyter, 162 Pa. 50; Nether Providence School Dist. v. Montgomery, 38 Pa. Superior Ct. 483; Clarion County v. Clarion Township, 222 Pa. 350; Hughesville Borough School Dist. v. Wolf Township School

Dist., 40 Pa. Superior Ct. 311; Poor District v. Lawrence County, 34 Pa. Superior Ct. 602, aff'd 222 Pa. 358.

The Act of May 1, 1909, P. L. 301, is unconstitutional, as in violation of sec. 7, art. III of the constitution: Montgomery v. Com., 91 Pa. 125; Scranton School District's App., 113 Pa. 176; Scranton v. Silkman, 113 Pa. 191; Chalfant v. Edwards, 173 Pa. 246; Sample v. Pittsburg, 212 Pa. 533; Ayar's App., 122 Pa. 266; Com. v. Patton, 88 Pa. 258; Blankenburg v. Black, 200 Pa. 629; Luzerne Water Co. v. Toby Creek Water Co., 148 Pa. 568; Fowler v. Columbia County, 18 Pa. C. C. Rep. 653; Henderson v. Koenig, 68 S. W. Repr. 72; Little v. State, 35 So. Repr. 134.

PER CURIAM, March 28, 1910:

.The same question is involved in these three appeals, which were argued together, and the decree in each case is affirmed on the opinion of the court below in Cornman, Township Treasurer, v. Hagginbotham, County Treasurer, No. 375 of the present term, the costs in each case to be paid by the appellant.