# Keator *v.* Lackawanna County, Appellant, et al.

*Constitutional law — Classification — Taxation — Uniformity — County taxes—Discrimination against cities—Rebate in favor of boroughs and townships—Acts of April 15, 1834, P. L. 537, and June 25, 1885, P. L. 187—Statutes—Presumption as to res judicata.*

1. While the Constitution does not forbid classification, it holds that it must not produce diversity in results or lack uniformity in its operation; there must be a real distinction between the objects.

2. An act of assembly will not be declared void, unless its violation of the Constitution is plain, clear and palpable, so as to preclude doubt or hesitation.

3. The mere omission of several territorial divisions from the operation of a Tax Act will not condemn the statute as an unfair classification; nor will different methods of collection, nor the manner of collection of the same tax, provided the difference does not impose an unnecessary burden on those affected.

4. The act permitting the retention of a five per cent fee by the taxpayer for prompt payment is for the welfare of the government, inasmuch as it has the effect of producing an immediate revenue for public use.

5. There is no unfair classification merely because the fee is allowed in boroughs and not in cities even though some boroughs may be as compactly built up as cities.

6. In classifying municipalities for government purposes, the legislature cannot be held to exact lines of demarcation either as to intensity of population or scope of territory. A division based on reasonable grounds, having a substantial relation to the subject dealt with, is all that is necessary.

7. There is nothing in the Act of April 15, 1834, P. L. 537, conferring power on the county commissioners to allow rebates in cities for the prompt payment of county taxes.

8. Section 7 of the Act of June 25, 1885, P. L. 187, allowing residents of boroughs and townships, and not residents of cities, a rebate for the prompt payment of county taxes, is not unconstitutional.

9. Where an act of assembly has been declared constitutional by the Supreme Court in several cases, the presumption is that all existing reasons for declaring the act unconstitutional were considered in such cases and held insufficient.

Argued November 30, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 80, Jan. T., 1928, by defendants, from declaratory judgment of C. P. Lackawanna Co., June T., 1927, No. 261, in favor of plaintiff, in case of John D. Keator v. Lackawanna County. Judgment modified and affirmed.

Petition for declaratory judgment. Before A. B. SMITH, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff. Defendants appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*Wm. R. Lewis,* with him *H. L. Taylor,* County Solicitor, for appellant.—A statute cannot be declared unconstitutional unless it violates some prohibition expressed or necessarily implied either of the federal or

state Constitutions: Durach's App., 62 Pa. 491; Fox's App., 112 Pa. 337; Bennett v. Hunt, 148 Pa. 257.

*Philip V. Mattes,* for appellee.—The petition for declaratory judgment in this case was presented for the purpose of doing away, if possible, with a form of injustice and discrimination in the collection of county taxes that has been practiced for years in a number of the counties of the State, including Lackawanna.

The discrimination is that citizens having property in certain parts of the county, to wit, in the boroughs and townships, are allowed a discount of 5% for prompt payment on their county taxes while in other parts of the same county, to wit, in the cities, the payers of county taxes are denied such discount: Com. v. Scheckler, 1 Pa. C. C. R. 505; Collector's Bond, 3 Pa. C. C. R. 254; Van Loon v. Engle, 171 Pa. 157.

A tax-uniformity clause is a prominent feature of most, if not all, state constitutions, and wherever the question has been raised, it seems to be agreed that, under such a clause, the county is a taxing unit and county taxes must be uniform throughout the county: Pine Grove Twp. v. Talcott, 86 U. S. 666.

The discrimination between groups of county taxpayers is not only inherently unfair and wrong but is clearly against both the letter and the spirit of the state and federal Constitutions: Christley v. Butler Co., 37 Pa. Superior Ct. 32; Ward v. Maryland, 79 U. S. 418; People v. Weaver, 100 U. S. 539; Juniata L. Co. v. Fagley, 187 Pa. 193.

OPINION BY MR. JUSTICE KEPHART, January 16, 1928:

County taxes in boroughs and townships in Lackawanna County are collected under the Act of June 25, 1885, P. L. 187. Section 7 provides that "all persons, who shall, within sixty days......make payment of any taxes charged against them......shall be entitled to a reduction of five per centum,......all persons

who fail to make payment......[within] six months ......shall be charged five per centum additional." The above provision did not include taxables resident in the cities. The act was amended May 1, 1909, P. L. 305, by an extension from sixty to ninety days. Section 400 of the Act of July 14, 1917, P. L. 840, and the Act of May 11, 1921, P. L. 482, did not affect the provision for rebate on county taxes.

Appellee, a resident of the City of Scranton in that county, asked for a declaratory judgment holding this part of the act void, averring that it was in conflict with section 1, article IX, of the Constitution of Pennsylvania, and the 14th Amendment to the Constitution of the United States, in that the residents of Scranton and Carbondale were unfairly discriminated against in the collection of taxes. The court below held the act constitutional, but attempted to extend its provision for rebates to cities. The county appeals.

The Act of 1885 has been before this court many times. We have held that it did not violate section 7, article III, of our Constitution, which forbids local and special legislation, and that it was not in conflict with section 1, article IX, requiring uniformity in levy and collection: Evans v. Phillipi, 117 Pa. 226; Bennett v. Hunt, 148 Pa. 257; Com. v. Lyter, 162 Pa. 50; Swatara Twp. School Dist.'s App., 1 Pa. Superior Ct. 502; Cornman v. Hagginbotham, 227 Pa. 549. While the particular provision of the act here attacked was not specifically dealt with, the presumption would be that all existing reasons for declaring the act unconstitutional were considered and held insufficient: Swatara Twp. School District, supra.

Section 1, article IX, reads: "All taxes shall be uniform upon the same class of subjects......and shall be levied and collected under general laws," and the 14th Amendment confers equal protection of the laws. Taxes must be collected under general laws, applicable to the tax collected. The subject here dealt with is collection

of county tax.   While townships and boroughs are designated as the municipal divisions within which the act operates, the designation of tax collectors in those districts would not offend the Constitution, if in cities some other officials were designated as the collecting agents: Com. v. Del. Div. Canal Co., 123 Pa. 594, 618; Cornman v. Hagginbotham, supra.   The objection of the city residents is that the legislative scheme of rebates imposes more of the burden of county government on them, to the extent of five per cent, than it does on those in boroughs and townships.   Tax laws should endeavor to promote equality in operation and effect, but absolute equality can never be attained, and, where there is substantial ground for the difference, it should rest on reasons of government in which discrimination as to class or section should not be present.   While the Constitution does not forbid classification, it does hold that it must not produce diversity in results, or lack uniformity in its operation; there must be a real distinction between the objects: Schoyer v. Comet Oil & Ref. Co., 284 Pa. 189, 197.   On the other hand, it has been stated that "It is not competent for the courts to declare an act of assembly void, unless its violation of the Constitution was plain, clear, and palpable, so as to preclude doubt or hesitation": Kitty Roup's Case, 81* Pa. 211, 214, citing Speer v. The School Directors, 50 Pa. 150, and Kirby v. Shaw, 19 Pa. 258.

Taxables in townships and boroughs are entitled to a five per cent deduction in the payment of county taxes if paid within a certain time, while residents of cities are not so entitled.   This denial to city residents must be based on some natural differences, or an expediency of government, such as was stated in Com. v. Del. Div. Canal Co., supra, at p. 620, to be based on well grounded considerations of public policy, which means public welfare.

The mere omission of certain territorial divisions from the operation of a statute will not condemn it as

an unfair classification (Evans v. Phillippi, supra); nor will different methods of collection, nor the manner of the collection of the same tax, provided the difference does not impose an unnecessary burden on those affected. Thus, distress is an incident to the collection of taxes from individuals, but not as to corporations: see Act of April 15, 1834, P. L. 514, section 41. An individual may be placed in jail for nonpayment, while partnerships and corporations cannot. But when there is no reasonable basis for a classification adopted by the legislature, the act will be declared unconstitutional. In Schoyer v. Comet Oil & Ref. Co., supra, we held that an act permitting liens of corporation creditors to be discriminated against in favor of liens of individual creditors in the collection of public accounts was an illegal classification. The same principle controlled in Van Loon v. Engle, 171 Pa. 157.

The act permitting the retention of five per cent by the taxpayer is for the welfare of the government. In conducting the affairs of a county when taxes are assessed, the county commissioners find its financial resources at a low ebb, continuing to get lower as spring and summer months approach. It becomes necessary to secure money immediately to conduct the business of the county. The outlays to be made by the county include court and jail expenses, care of the poor, payment for the keeping of the insane, and many other disbursements that do not admit of delay in payment. The legislature adopted an inducement for prompt payment in districts where ordinarily collections are not rapid and are difficult; it enables counties to replace the deficit at least partially. Again, the deduction may be treated as a collection fee in districts not compactly built. In such districts, the expenses of collection are greater than in the more compact or built up sections. The fee has the effect of producing an immediate revenue for county purposes.

But it is urged the classification is unfair because there are some boroughs as compactly built up as cities. This may be quite true, but, in general, the opposite is the case.   In classifying municipal divisions for governmental purposes, the legislature cannot be held to exact lines of demarcation either as to intensity of population or scope of territory.   A division based on reasonable grounds, having a substantial relation to the subject dealt with, is all that is necessary.   We held that the assessment of rural lands under the Act of 1868, P. L. 565, at two-thirds of their value as against full value for city lands was, under the Constitution, a proper classification: Kitty Roup's Case, supra.   We also held that difference in the manner of collection where different parties were involved was within the Constitution. See Com. v. Del. Div. Canal Co., supra.   We conclude that this act does not violate any constitutional provision.

There may be some merit in the contention that similar benefit should be granted to cities, but this is a legislative matter.   That body has entered the field and defined the rebate for collection of county taxes to be allowed in townships and boroughs, and did not add cities.   It has been suggested that the enabling Act of 1834, P. L. (1833-1834), 537, for counties, gives this authority.   It provides, section 3, dealing with corporate powers: II. "To take and to hold real estate within their respective limits, and also personal property: Provided, that such real and personal estates shall be taken and held only for the benefit of the inhabitants of the respective county or township."   III. To make such contracts as may be necessary and proper for the execution of the same objects and purposes."   A county is a quasi corporation, and its corporate powers are to be exercised by the commissioners: Kittanning Academy v. Brown, 41 Pa. 269.   Except in a few matters, the powers of the commissioners are not expressly or directly given by statutes, but, as agents of the county,

their authority must necessarily be commensurate with their duties: Vankirk v. Clark and Graham, 16 S. & R. 286. Thus, while there is no specific provision authorizing the leasing of a piece of land for the sheriff or the warden of the county jail, if the commissioners find it necessary for the proper conduct and maintenance of the jail, they may lease such property: Vankirk v. Clark and Graham, supra. A county may buy in lands to secure a debt due to the county (Vankirk v. Clark and Graham, supra), is competent to take a fund as trustee, the object being for charity (County of Lawrence v. Leonard, 83 Pa. 206), may purchase everything necessary for conducting a general election, such as tables, chairs, etc., (Com. v. Phila. Co., 2 S. & R. 193), or furnishings for the courthouse or jail. These authorities are cited merely to show the exercise of powers incident to the general authority of the commissioners even in the absence of a direct statutory power.

While taxes, when assessed, become the property of the county for the benefit of the inhabitants, and, generally speaking, the Act of 1834 empowers the commissioners or officers acting through them to make contracts in relation thereto for its possession, preservation, protection or legitimate disposition, the strongest implication from this statute would not confer the power here suggested,—that of allowing rebates in cities. The court below extended to cities the Act of 1885 for townships and boroughs. It could not thus legislate, nor may we under the Act of 1834. There may be other acts not called to our attention; if there are, the responsible parties will no doubt be guided by them.

The decree of the court below is modified—that part of it which sustained the constitutionality of the Act of 1885 is affirmed; that part which attempts to include cities into the Act of 1885 is reversed. Costs of this appeal to be paid by the County of Lackawanna.