## DeJesus, Appellant, *v.* Liberty Mutual Insurance Company.

Argued October 4, 1966. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Norman Shigon,* for appellant.

*Edward W. Madeira, Jr.,* with him *Barry E. Hawk,*
and *Pepper, Hamilton & Scheetz,* for appellee.

OPINION PER CURIAM, November 15, 1966:
In the course of his employment, appellant sus-
tained personal injury when he was struck in the left
eye by a strip of baling wire which he had cut in the
process of opening a bale of compressed wool. He in-
stituted an action of trespass, naming as a defendant
his employer's workmen's compensation carrier, the

present appellee.[1] Appellee filed preliminary objections, which the lower court sustained, and the complaint was dismissed as to appellee. This appeal followed.

The court below based its decision on *Brown v. Travelers Insurance Companies*, 37 Pa. D. & C. 2d 111 (Phila. Co. 1965), which held that the immunity from common law actions granted an employer by the Workmen's Compensation Act extends to the employer's workmen's compensation insurance carrier. We find it unnecessary to reach that issue and express no opinion as to the soundness of the view approved in *Brown*. Rather, we affirm the order of the court below simply because appellant has failed to state a cause of action.

Appellant grounds his claim on an alleged duty on the part of appellee, which appellant avers arises out of appellee's advertising material representing that it provides loss prevention service and safety counsel to its policyholders. None of the allegations of the complaint creates a duty in appellee toward appellant because there is no averment that the advertisements were part of any contract or other legal obligation undertaken by appellee or that they adversely affected appellant.

Furthermore, even if we assume that a legal duty were owed by appellee to appellant by reason of an undertaking to render services in developing safety techniques, there would still be no cause of action stated. Restatement 2d, Torts, §323 (1965) states: "§323. Negligent Performance of Undertaking to Render Services. One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the

---

[1] Appellant named as another defendant in the same complaint an individual alleged to be office manager and safety engineer at appellant's place of employment. That defendant is not involved in this appeal.

other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other's reliance upon the undertaking." The import of that section is that negligent performance or nonperformance must increase the risk of harm and that there must be reliance by the injured plaintiff upon the defendant's performing the service he has undertaken to render. Appellant's complaint fails to aver or establish either element and sets forth no cause of action.

Order affirmed.

Mr. Justice JONES concurs in the result.

Mr. Justice ROBERTS dissents.