Charles C. DOANE

v.

The TRAVELERS INSURANCE COM-
PANY and the Travelers Indem-
nity Company.

Civ. A. No. 39622.

United States District Court
E. D. Pennsylvania.

Dec. 30, 1966.

Aaron D. Blumberg, Pepper, Hamil-
ton & Scheetz, Philadelphia, Pa., for
plaintiff.

Harry Lore, Dorfman, Pechner, Sacks
& Dorfman, Philadelphia, Pa., for de-
fendants.

## SUR MOTION TO STRIKE THIRD DEFENSE

KIRKPATRICK, District Judge.

The plaintiff brings this suit against his employer's compensation insurance carrier to recover for personal injuries alleging negligence on the part of the defendant in connection with its safety inspection of the machinery which caused his injury. The defendant has pleaded as its third defense that it is entitled to the same immunity as accorded the employer under the Pennsylvania Workmen's Compensation Act. The plaintiff moves to strike this defense, relying on the decision of the Court of Appeals for the Third Circuit in Mays v. Liberty Mutual Insurance Company, 323 F.2d 174, which held that the defense was unavailable. Although motions to strike are not generally favored, in the circum-

stances of this case I believe the issue raised can properly be disposed on such a motion.

■ Unless the law of Pennsylvania has changed since the Court of Appeals decided Mays, or it should now appear from decisions of the appellate courts of Pennsylvania that the Court of Appeals incorrectly interpreted the law of Pennsylvania, I must follow the decision of that court. The only matters bearing upon these questions are three Pennsylvania Common Pleas decisions (two contrary to the holding in Mays and one in accord with it) and an amendment to the Workmen's Compensation Act.

■ The Common Pleas decisions are not binding on this court, and with a decision by the Court of Appeals before me, even if they were all in accord, I would feel impelled to follow the Court of Appeals.

■ The amendment referred to (77 P.S. § 501, Act No. 542, 1965 Session) [1] which is in part entitled "defining certain insurers' liability, immunities and protection" provided that the insurer "shall assume the employer's liability hereunder" and "shall be entitled to all of the employer's immunities and protection hereunder." Whether or not the change in the law accomplished by the amendment affects the position of the defendant insurance carrier in this case depends upon whether the amendment is to be given a retroactive effect. This in turn depends upon whether it was the legislative intent that it be retroactive and whether, if so, it concerns subject matter which the Legislature had power to deal with retroactively. The Supreme Court of Pennsylvania in Smith v. Fenner, 399 Pa. 633, 640–641, 161 A.2d 150, 154, stated the law of Pennsylvania relating to retroactive construction of statutes as follows:

> * * * It is a fundamental rule of statutory construction that statutes other than those affecting procedural matters must be construed prospectively, except where legislative intent that they shall act retroactively is so clear as to preclude all question as to the intention of the legislature * * * This principle has been embodied in article IV, sec. 56, of the Statutory Construction Act of May 28, 1937, P.L. 1019, 46 P.S. § 556, which provides: "No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature." It is also fundamental that: Retrospective laws may be supported when they impair no contract and disturb no vested right, but only vary remedies, cure defects in proceedings otherwise fair, and do not vary existing obligations contrary to their situation when entered into and when prosecuted.

■ I do not think that the use of the word "defining", without more, in the title of the Act manifests an intention to make the Act retroactive so clearly "as to preclude all question as to the intention of the legislature."

Whatever right to a recovery the plaintiff had arose at the time of his accident. If he should bring suit in courts of Pennsylvania, he might or might not recover, depending upon the view of the law which the trial judge might take. We do not know of his ultimate success in the event of an appeal because the Supreme Court of Pennsylvania expressly declined to rule on the question in De-Jesus v. Liberty Mutual Insurance Company, November 15, 1966, 423 Pa. 198, 223 A.2d 849. In his suit in the Federal Court he may be successful. Under these circumstances, I do not think that the courts of Pennsylvania would consider it within the power of the Legislature to cut off rights that had already accrued even if it had, contrary to the facts in this case, clearly and manifestly expressed an intention to do so.

The motion to strike is granted.

---

1. The amendment was signed by the Governor January 25, 1966. The plaintiff was injured September 18, 1965, and this suit was instituted January 24, 1966.