## DeJesus, Appellant, *v.* Liberty Mutual Insurance Company.

Argued May 6, 1970. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Norman Shigon,* for appellant.

*Edward W. Madeira, Jr.,* with him *James T. Giles,* and *Pepper, Hamilton & Scheetz,* for appellee.

Opinion by Mr. Justice Jones, July 2, 1970:

On February 15, 1960, Epifanio DeJesus was injured while in the course of his employment with Frank S. Nelson & Company, Inc. In 1962, he initiated an action in trespass against his employer's insurance carrier, Liberty Mutual Insurance Company (Liberty). Liability was asserted on the basis of an alleged duty arising out of the loss prevention service and safety counseling which Liberty offered to its policyholders. On November 15, 1966, this Court found that DeJesus had failed to state a cause of action, and affirmed the lower

court's order dismissing the complaint in trespass. *DeJesus v. Liberty Mut. Ins. Co.*, 423 Pa. 198, 223 A. 2d 849 (1966).

On January 30, 1962, DeJesus had also initiated an action in assumpsit against Liberty by filing a writ of summons in the Court of Common Pleas of Philadelphia County. This action lay dormant for five and one-half years, while DeJesus pursued his trespass action, until June 26, 1967, when Liberty served DeJesus with a rule to file a complaint. A complaint was filed three weeks after the rule, and an amended complaint was filed on December 26, 1967. The crux of the complaint, as amended, was that Liberty had contractually bound itself to Frank S. Nelson & Co. to offer, institute and establish safety procedures, that DeJesus was a third-party beneficiary to the contract, that DeJesus had relied upon Liberty's promise, that by reason of Liberty's failure to properly perform its promise, the risk of harm to DeJesus was increased, and, finally, that DeJesus was injured due to such an increased risk of harm.

Relying upon *Brown v. Travelers Ins. Co.*, 434 Pa. 507, 254 A. 2d 27 (1969) (hereinafter cited as *"Brown"*), the trial court granted Liberty's motion for summary judgment. This appeal followed.

In *Brown*, we held that a workmen's compensation insurance carrier is included within the term "employer" as used in Section 303 of the Workmen's Compensation Act, which reads as follows: "Such agreement shall constitute an acceptance of all the provisions of article three of this act, and shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of the employment, or to any method of determination thereof, other than as provided, in article three of this act. Such agreement shall bind *the employer* and his personal representatives, and

the employe, his or her wife or husband, widow or widower, next of kin, and other dependents." Act of June 2, 1915, P.L. 736, art. III, §303, as amended, 77 P.S. §481. (Emphasis added) Thus, we found that the insurance carrier shares the employer's immunity from common law liability. 434 Pa. at 517, 254 A. 2d at 31. The sole question presently before us is whether Section 303, as interpreted in *Brown,* is unconstitutional.[1]

To permit the enactment of the Workmen's Compensation Act, the Pennsylvania Constitution was amended to read as follows: "The General Assembly may enact laws requiring the payment by employers, or employers and employes jointly, of reasonable compensation for injuries to employes arising in the course of their employment, and for occupational diseases of employes, whether or not such injuries or diseases result in death, and regardless of fault of employer or employe, and fixing the basis of ascertainment of such compensation and the maximum and minimum limits thereof, and providing special or general remedies for the collection thereof; but *in no other cases shall the General Assembly limit the amount to be recovered for injuries. . . ."* Pa. Const. art. III, §18 (Emphasis added) (hereinafter cited as "Section 18")

Both parties to the present action concede that the italicized portion of the Constitution, as quoted above,

---

[1]In 1966, the Workmen's Compensation Act was amended to provide, *inter alia,* as follows: "Such insurer shall assume the employer's liability hereunder and shall be entitled to all of the employer's immunities and protection hereunder. . . ." Act of June 2, 1915, P.L. 736, art. III, §305, as amended, January 25, 1966, P.L. (1965) 1552, §1, 77 P.S. §501 (Supp. 1970).

The cause of action having accrued in 1960, this amendment is inapplicable to the instant proceedings. *Doane v. Travelers Ins. Co.,* 266 F. Supp. 504 (E.D. Pa. 1966) ; *Smith v. Fenner,* 399 Pa. 633, 161 A. 2d 150 (1960). Nevertheless, we take note of the 1966 amendment, since it is to the same effect as our subsequent decision in *Brown,* with which we are presently concerned.

precludes the enactment of legislation limiting the
amount of compensation payable to employees for in-
juries other than those "arising in the course of their
employment." However, DeJesus additionally claims
that the General Assembly thereby is barred from en-
acting any workmen's compensation legislation which
limits payment by those other than "employers, or em-
ployers and employes jointly." Accordingly, it is ar-
gued that this Court's decision in *Brown* is violative
of the delimiting clause of Section 18 of the Pennsyl-
vania Constitution.

Although our opinion in *Brown* did not specifically
cover it, the instant constitutional question was raised
in the briefs for the parties in that case and, *sub silen-
tio,* it was dismissed. "When the validity of an act or
ordinance is attacked and a decision rendered sustain-
ing it, it is fair to assume that all constitutional ques-
tions involved have been decided, whether or not they
were raised in the pleadings or mentioned in the opin-
ion. . . ." *Dole v. Philadelphia,* 337 Pa. 375, 379, 11 A.
2d 163 (1940). *Accord, Burche Co. v. General Elec.
Co.,* 382 Pa. 370, 373 n. 1, 115 A. 2d 361 (1955) ; *Turco
Paint and Varnish Co. v. Kalodner,* 320 Pa. 421, 428,
184 Atl. 37 (1936) ; *Keator v. Lackawanna County,* 292
Pa. 269, 272, 141 Atl. 37 (1928).

Nevertheless, in order to dispel any doubt that may
have been caused by our decision in *Brown,* we now
specifically find that the purpose of Section 18, as
amended, was to permit the General Assembly to enact
a workmen's compensation program, but to preclude the
enactment of general legislation covering injuries other
than those arising in the course of employment. *Cf.
Griffith v. United Air Lines, Inc.,* 416 Pa. 1, 203 A. 2d
796 (1964) ; *John W. Brown, Jr. Equip. Rental Corp.
v. Dickey,* 397 Pa. 454, 155 A. 2d 836 (1959) ; *Dolan v.
Linton's Lunch,* 397 Pa. 114, 152 A. 2d 887 (1959).
In the light of this purpose, particularly as applied to

the instant situation, it is clear that Section 18, as amended, did *not* restrict the General Assembly to legislating with respect to payments to be made by employers, as opposed to payments to be made by insurers. See *Breslow v. Baldwin Twp. Sch. Dist.,* 408 Pa. 121, 125-26, 182 A. 2d 501 (1962); *Evans v. West Norriton Twp. Mun. Auth.,* 370 Pa. 150, 160, 87 A. 2d 474 (1952).

Section 303 of the Workmen's Compensation Act, as interpreted in *Brown,* is not violative of Section 18 of Article III of the Pennsylvania Constitution.

Judgment affirmed.

MR. CHIEF JUSTICE BELL concurs in the result.

---

DISSENTING OPINION BY MR. JUSTICE O'BRIEN:

I continue to adhere to the views which I expressed in my Dissenting Opinion in *Brown v. Travelers Ins. Co.,* 434 Pa. 507, 254 A. 2d 27 (1969). Moreover, I believe that the instant case is an a fortiori case when considered in the light of *Brown. Brown* was an action in trespass, while the instant case is in contract. Even if the immunity provided by the act insulates the carrier in a trespass action, it surely does not do so in an action of assumpsit. I respectfully dissent.

MR. JUSTICE ROBERTS joins in this dissenting opinion.