**Roma ATKINS, Plaintiff,**

v.

**BLAW KNOX FOUNDRY AND MILL MACHINERY, INC., Defendant and Third-Party Plaintiff,**

v.

**CRUCIBLE INCORPORATED DIVISION OF COLT INDUSTRIES, INC., Third-Party Defendant.**

Civ. A. No. 76–891.

United States District Court, W. D. Pennsylvania.

May 10, 1977.

William Caroselli, McArdle, Henderson, Caroselli, Spagnolli & Beachler, Pittsburgh, Pa., for plaintiff.

John R. Anderson, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for defendant.

Joseph A. Fricker, Jr., Pittsburgh, Pa., for third-party defendant.

## OPINION

SNYDER, District Judge.

The Third-Party Defendant has filed a Motion to Dismiss the Third-Party Plaintiff's claim for contribution from the Plaintiff's allegedly negligent employer as being barred by the amendment to Pennsylvania's Workmen's Compensation Act. The Motion will be denied.

Plaintiff was injured during the course of his employment on August 9, 1974, while operating a machine manufactured by the Defendant Blaw Knox Foundry and Mill Machinery, Inc. (Blaw Knox). Plaintiff filed the instant products liability case on July 7, 1976 and Blaw Knox impleaded the Plaintiff's employer, Crucible Incorporated Division of Colt Industries, Inc. (Crucible) on February 7, 1977. Blaw Knox in its Third-Party Complaint claimed that the negligence of Crucible caused or contributed to the Plaintiff's injury. Blaw Knox demanded judgment against Crucible for contribution or to be credited for the amount of the Pennsylvania Workmen's Compensation benefits paid or payable to Plaintiff by Crucible.

Crucible's Motion is based solely on the December 5, 1974 Amendment to Section 303 of the Pennsylvania Workmen's Compensation Act which abolished the right of tortfeasors to contribution from an employer. Section 6 of the Act of December 5, 1974 (P.L. 782, No. 263, 77 P.S. § 481, effective February 3, 1975) provides in pertinent part as follows:

"(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, . . . ..

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, . . . and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

The late Judge Wallace S. Gourley of this Court stated in a case with a very similar

factual situation, *Florence Franchino v. Minster Machine Company, et al.,* C.A. 75–100 (W.D.Pa. Memorandum filed June 16, 1975), as follows:

" . . . [T]he Court is of the opinion that the third-party defendant's reliance upon the amendment to Section 303 of the Pennsylvania Workmen's Compensation Act, 77 P.S., 481, is misplaced. . .

When a third-party defendant requests a retroactive application of the statute in question, where the legislature did not expressly provide for such; and where such application would impair vested rights of substantial value and nature as in the case at bar, the Court cannot, in the fair and impartial administration of justice, grant such a request."

We note in addition only that it is a fundamental principle of Pennsylvania law that unless the Legislature clearly expresses its intention to do so, a Legislative Act will not be construed to affect pre-existing substantive rights. *Misitis v. Steel City Piping Company,* 441 Pa. 339, 272 A.2d 883 (1971); *Costa v. Lair,* 241 Pa.Super. 517, 363 A.2d 1313 (1976).

Under Pennsylvania law prior to December 5, 1974 there was a right of contribution limited to the extent of the employer's liability to the plaintiff employee under the Pennsylvania Workmen's Compensation Act. *Maio v. Fahs,* 339 Pa. 180, 14 A.2d 105 (1940); *Chamberlain v. Carborundum Company,* 485 F.2d 31 (3rd Cir. 1973). *Cf. DeJesus v. Liberty Mutual Insurance Company,* 439 Pa. 180, 268 A.2d 924 (1970); and *Addison v. Bulk Food Carriers, Inc.,* 489 F.2d 1041 (1st Cir. 1974) (applying Section 5 of the Longshoremen's and Harbor Workers' Compensation Act). *Hefferin v. Stempkowski,* 372 A.2d 869 (Pa.Super., 1977) is inapposite.

An appropriate Order will be entered.