From C. M. Clement, Sunbury, Pa.

## Com. ex rel. District Attorney v. Coal Twp. Poor Directors.

C. C. Lark, for plaintiff.

J. A. Welsh, Unger & Sons and John Kopyscianski, for defendants.

STROUSS, P. J., and LLOYD, J., Aug. 20, 1928.—This proceeding was initiated upon the petition of the Commonwealth of Pennsylvania ex rel. Edward Raker, district attorney of this county, representing, inter alia:

That the Township of Coal in this county is a township of the first class. That A. L. Snyder is a qualified voter of the said township. That, by reason of the death, on Feb. 24, 1928, of James P. McCormick, the duly elected, qualified and then-acting treasurer of said township, a vacancy occurred therein. That, on Feb. 27th following, the board of commissioners of said township filled the vacancy by electing said A. L. Snyder, who duly qualified and has since been performing the duties of said office. That, by virtue of his appointment, he is declared by law to be the tax collector of all State, county, township, school, poor and other taxes within the Township of Coal levied by authorities empowered to levy the same, and, as such, is charged with the duty of collecting said taxes. That, on about April 1st following, he notified the respondents of his said appointment, and, subsequently, in accordance with the amount fixed by the respondents, filed with them his special bond as treasurer and tax collector of said district, and requested the tax duplicate and warrant for the poor tax of said district for the year 1928. That the respondents refused, and still refuse, although demanded, to deliver the said duplicate and their warrant to him.

Agreeably to the prayer of the petition, a writ of alternative mandamus was granted. Thereupon the respondents, the Directors of the Poor of Coal Township, made return, admitting that Abe L. Snyder filed his bond in accordance with the law, his demand for the duplicate and warrant, and their refusal to deliver the same, but denying the right of the said A. L. Snyder to collect the said taxes for the following reasons:

1. Because said A. L. Snyder was not legally elected to fill the said vacancy, for the reason that he did not receive a majority vote of said board of commissioners.

2. Because said A. L. Snyder is not, by virtue of his office as township treasurer, entitled to collect the poor taxes as levied against the taxables of Coal Township.

3. Because, prior to the election of said A. L. Snyder by the township commissioners, the respondents had, by virtue of the authority vested in them under the law, filled the said vacancy by the election of Mrs. J. P. McCormick, who has duly qualified and upon whom the power and duty of collecting the taxes are now vested.

To this return, a responsive reply, also alleging the legality of the election of A. L. Snyder to said office and his right under the law to said duplicate and warrant and challenging the power of the respondents to elect a tax collector for said poor district, was filed.

Upon her petition, Annie McCormick, hereinbefore styled Mrs. J. P. McCormick, was permitted to intervene as a party respondent. She filed a separate answer, in which no additional questions are raised that cannot be properly disposed of under our disposition of those raised by the return of the original respondents. To this return the petitioner filed a responsive reply, substantially the same as filed to the original return.

All of the questions raised by the respondents upon the argument under the first reason were answered by us in an opinion this day filed in the case of Com. ex rel. Edward Raker, District Attorney, v. Abe L. Snyder, to No. 481, September Term, 1928 [11 D. & C. 224]. In that case we sustained the right of Abe L. Snyder to hold the office of township treasurer. For the reasons therein given and the conclusion therein adopted, the present reason cannot be sustained.

As to the complaint under the second reason. The Coal Township Poor District was erected by a Special Act, approved April 15, 1863, P. L. 492. Under this act, the directors of the poor were vested with the power of appointing the collector of poor taxes. They continued to exercise this power until the year 1909, when, upon a petition for mandamus in the case of Dane v. Coal Township Poor Directors, 19 Dist. R. 983, Judge Savidge, then judge of this county, decided that the Act of May 28, 1907, P. L. 273, repealed that portion of the Act of 1863 relating to the appointment of tax collector, and held that the township treasurer, and not the appointee of the board, was the only authorized person to collect the poor taxes of said district. The poor taxes continued to be so collected until the present election of the said Abe L. Snyder, who now claims the right to collect such taxes by virtue of the authority vested in him under section 274 of "The General Township Act," approved July 14, 1917, P. L. 840, which enacts that: "The township treasurer, in townships of the first class, by virtue of his office as treasurer, shall be tax collector. He shall collect all State, county, township, school, poor and other taxes within such township of the first class levied by authorities empowered to levy taxes. He shall, in addition to the powers, duties and responsibilities enumerated in chapter 8, article I, have all the powers, perform all the duties, be subject to all the obligations and responsibilities and receive the same compensation for collecting such taxes other than township taxes as are now by law vested in, conferred upon, or imposed upon or received by, collectors of the several classes of taxes hereinbefore mentioned." Appended to this section is the legislative declaration that: "It is the purpose and intent of this

section that no taxes shall be collected in any township of the first class except by the treasurer of the township."

The respondents, however, contend that the said section is not applicable to the Coal Township Poor District, and that the only pertinent legislation in relation thereto is to be found in the said Act of 1863. If this contention be correct, then the respondents' second reason, embracing reason *(e)* under the third paragraph of the answer of Annie McCormick, must be sustained.

In support of this contention, it is urged that the Act of 1907, repealing the Act of 1863, was, in turn, repealed by "The General Township Act," thereby restoring the legislation of said Act of 1863, and that "The General Township Act" did not repeal the Act of 1863. This, for the reason that sub-section *(d)* of section 2, under article I of the preliminary provisions of "The General Township Act," excludes poor districts from its operation. For present purposes, it may be conceded that "The General Township Act" could not operate as a repealer of the Act of 1863. But there is no inhibition against the amendment or modification of parts of the act. That is as far as said section 274 goes, and that it goes that far cannot be seriously disputed if construed according to its plain language. And that it was the legislative intent that it should go that far is plainly evidenced by the fact that the legislature took the pains to append thereto the above stated emphatic legislative declaration, which for any other purpose would be wholly superfluous. Moreover, section 1501 of the act stipulates that all other acts and parts of acts inconsistent with this act are repealed. From this it is clear that the legislative purpose was to secure uniformity of procedure and displace local legislation. When such purpose clearly appears, local or special acts repugnant thereto must yield: Cornman *v.* Hagginbotham, 227 Pa. 549. Reading the legislative declaration into the general repealing clause of "The General Township Act," and viewing the whole in the light of this rule, we cannot reach any other conclusion than that "The General Township Act" repeals that part of the Act of 1863 relating to the appointment of tax collectors for the Coal Township Poor District, and that section 274 of said act is here the controlling legislation.

The remaining question on this branch of the case is whether, under said section 274, the township treasurer, as such officer, is vested with authority to collect the poor taxes. We answer this question in the concise but comprehensive language of Judge Savidge, who, in passing upon a similar question under the Act of 1907, *supra,* of which said section 274 is a re-enactment, in the case of Dane *v.* Coal Township Poor Directors, *supra,* said: "This act is so all-comprehensive, and the legislature has given it such emphasis by setting forth its purpose and intent with such unusual clearness, that it would be a waste of good typewriter ribbon to urge reasons why the township treasurer, and he alone, no matter what the conditions may be, is entitled to collect poor or any other taxes in first class townships. 'No taxes shall be collected . . . save only by the treasurer.' . . . That is all there is to it. Nothing more can be said."

As to the complaint under the third reason. Having previously decided that the board of township commissioners is the proper tribunal to elect a township treasurer, and that such officer is the only person vested with authority to collect the poor tax of Coal Township, it necessarily follows that the action of the directors of the poor in electing Annie McCormick to said office is *ultra vires* and a mere nullity.

Another contention, not specifically raised by the pleadings but advanced at the argument, was that Annie McCormick, as the administratrix of James

P. McCormick, is by operation of law vested with authority to collect the poor tax in question. The contention is captious. It is predicated of the liability of the estate of James P. McCormick, deceased, and his sureties upon his bond for the collection of said tax. It is true that the estate and sureties may be liable on a bond for acts done or omitted to be done by a person in his lifetime, but certainly not for the acts of others after his death. To hold otherwise would be to impose on the sureties an obligation neither intended nor assumed by them. The collection of the tax is a duty personal to the tax collector, terminates with his death and cannot descend to his legal representative. Enough has been said to demonstrate the fallacy of the contention.

Agreeably to the conclusions herein reached, we enter the following

### Decree.

And now, Aug. 20, 1928, the writ is sustained, and it is ordered, directed and decreed that the respondents turn over to the plaintiff the poor tax duplicate for that portion of the district within the Township of Coal for the year 1928, together with a warrant for the collection of said tax, to the end that the plaintiff may proceed to collect the said taxes.

From C. M. Clement, Sunbury, Pa.