## Zaccario v. State Farm Insurance Company

*Barry M. Rothman,* for plaintiff.
*Dennis Veneziala,* for defendant.

GAFNI, *J.,* October 28, 1982—This matter involves a petition for the appointment of two arbitrators. The issue is whether a lessee of a vehicle covered ,by a policy of insurance can be deemed an "uninsured motorist" pursuant to the Uninsured Motorist Act and applicable insurance regulations when the insurer denies coverage for his failure to cooperate. The pertinent facts are as follows:

Petitioners William Zaccario and Dennis Brobst (petitioners) were involved in a motor vehicle accident on November 15, 1978. Petitioners allege that the accident resulted from the negligence of Michael Hartman (Hartman). Hartman, while operating a vehicle leased from the U-Haul Company of Delaware Valley (U-Haul), allegedly struck the rear of petitioners' vehicle.

Petitioners instituted an assumpsit action against Hartman .and U-Haul to recover for their injuries. (Zaccario and Brobst v. Hartman and U-Haul Co. of Delware Valley, Inc., February term, 1980, no. 3366 (C.P., Phila.). Petitioners have also filed the instant petition against State Farm Insurance Company (State Farm). At the time of the accident petitioners were covered by a State Farm policy which included uninsured-motorist benefits.

· According to the record before us, Hartman elected insurance coverage in his rental agreement pur-

suant to U-Haul's "safe-move" policy. The policy of insurance provided, inter alia:

"7. This vehicle is covered by a[n] . . . insurance policy which provides coverage to the customer against bodily injury and property damage claims with limits of liability up to the requirements of the State Financial Responsibility Law . . . affecting rental motor vehicles in the state in which the accident may occur." Paragraph nine further provided that "customer agrees that lessor has the right to terminate this agreement at any time. . . ." By letter dated February 15, 1980, U-Haul's carrier expressly denied coverage to Hartman on the ground that he had refused to cooperate in its investigation of the accident.

The parties to the instant action agree that U-Haul is potentially liable to petitioners on a cause of action for negligent entrustment of the motor vehicle. U-Haul has refused to enter an appearance and defend the action for Hartman. Petitioners claim entitlement to uninsured-motorist benefits from State Farm on the ground that U-Haul's carrier has expressly denied coverage to Hartman. State Farm maintains, however, that since U-Haul is a "viable insured defendant in [the assumpsit action] on a theory of negligent entrustment," petitioners should be precluded from presenting an uninsured-motorist claim against it.

As a general rule, questions under an uninsured-motorist clause with an arbitration provision are' within the exclusive jurisdiction of the arbitrators. White v. Concord Mutual Ins. Co., 296 Pa. Super. 171, 175, 442 A.2d 713, 715 (1982), allocatur granted May 6, 1982. The issue of whether a dispute is one that is covered by the terms of the arbitration agreement, however, is one for the court to determine. Id. at 715, n. 3, citing Women's SPCA v. Sav-

age, 440 Pa. 34, 36, 269 A.2d 888, 890 (1970). State Farm is challenging the applicability of the pertinent insurance regulations to the facts of this case. Accordingly, this court must determine, as a matter of law, whether this dispute is covered by the terms of the agreement between State Farm and petitioners in light of these regulations. For the reasons set forth below, the court concludes that petitioners are entitled to proceed to arbitration.

The Uninsured Motorist Act applies to any motor vehicle liability policy of insurance issued with respect to any motor vehicle registered in this Commonwealth. Mitchell v. Philadelphia Electric Co., 281 Pa. Super. 452, 457, 422 A.2d 556, 559 (1980). The insurance department regulations, which govern all policies within this state, define an uninsured automobile as:

"(1) an automobile . . . with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident, *but the company writing the same denies coverage thereunder.*" Title 31. Pa. Code §63.2(3). (Emphasis added.)

State Farm concedes that Hartman was indeed covered by a motor vehicle liability policy of insurance at the time of this accident. State Farm further concedes that the company writing the policy has denied coverage. Pursuant to 31 Pa. Code §63.2(3), therefore, Hartman's vehicle is an "uninsured automobile."

This situation is similar to the facts in Pattani v. Keystone Insurance Co., 426 Pa. 332, 231 A.2d 402 (1967). The Supreme Court of Pennsylvania in Pattani, held that uninsured-motorist coverage was applicable to situations where a tortfeasor motorist is insured, but his insurer fails to pay due to insolvency. In view of the Pattini court's directive that the uninsured motorist statute and contracts writ-

ten thereunder be liberally construed, the court concludes that the denial of coverage to Hartman and corresponding failure of U-Haul's carrier to assume its responsibility under the safe-move policy, renders Hartman an uninsured motorist. Petitioners' insurance carrier must proceed to arbitration in order to fulfill the statutory purpose. See Pattani, supra, 426 Pa. at 339 (Roberts, J., concurring).

In the event that the arbitrators enter an award against State Farm, it will, of course assume any subrogation rights which petitioners may have against U-Haul in the pending assumpsit action.

An appropriate order will be entered.

### ORDER

And now, this October 28, 1982, unless the court is advised within 30 days that defendant State Farm Insurance Company has appointed an arbitrator, and that a third arbitrator has been selected, the court will appoint arbitrators to fill the positions still vacant upon application by either party. Thereafter, the parties will be barred from substituting any other person to serve in place of the court's appointment.