665 A.2d 502

GENERAL ACCIDENT INSURANCE
COMPANY OF AMERICA

v.

Christine PARKER, Appellant.

Superior Court of Pennsylvania.

Argued June 28, 1995.

Filed Sept. 26, 1995.

Frances M. Minnis, Philadelphia, for appellant.

Dale S. Ardizzone, Philadelphia, for appellee.

Before ROWLEY, President Judge, and HUDOCK and CERCONE, JJ.

ROWLEY, President Judge:

Appellant, Christine Parker ("Parker"), appeals from the order entered in the Court of Common Pleas of Philadelphia County. We affirm.

Parker was injured when the automobile she was driving was struck by an uninsured vehicle. Parker was driving a car owned by Kathy Moore ("policy holder") and insured by appellee, General Accident Insurance Company of America ("General Accident"). The policy of insurance issued to Kathy and Marcellus Moore contained an executed "Rejection of Uninsured Motorist Protection." Parker presented a claim for uninsured motorist benefits to General Accident under the policy covering the automobile owned by the policy holder. General Accident denied the claim on the basis that the policy holders had waived uninsured motorist coverage. The underlying action was commenced by General Accident's complaint in equity seeking a declaratory judgment concerning coverage under the Moore policy. General Accident then filed a motion for summary judgment which was granted. This appeal followed.

> Parker presents the following issue for our consideration: Did the trial court commit an error of law granting appellee's motion for summary judgment based on its determination that appellant is not entitled to uninsured motorist benefits from General Accident since the Moore's policy did not provide any uninsured motorist coverage?

The standard of review of an order granting summary judgment is well established. Summary judgment is properly granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" Pa.R.C.P. 1035(b). In resolving a motion for summary judgment, the court must examine the record in the light most favorable to the non-moving party and resolve any doubt against the moving party. *Washington Federal Sav. and Loan Ass'n v. Stein*, 357 Pa.Super. 286, 289, 515 A.2d 980,

981 (1986). The court is not to decide issues of fact, but merely to determine whether any such issues exist. *Id. See also Ducjai v. Dennis*, 540 Pa. 103, 656 A.2d 102 (1995). "We will overturn a trial court's entry of summary judgment only if we find an error of law or clear abuse of discretion." *DeWeese v. Anchor Hocking*, 427 Pa.Super. 47, 50, 628 A.2d 421, 423 (1993).

Considered in light of the foregoing principles, the record discloses the following facts. Moore's policy with General Accident contained a "Rejection of Uninsured Motorist Protection," form as provided by the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S. § 1701 *et seq.* Moore's policy contained the following waiver of uninsured motorist coverage:

> By signing this waiver I am rejecting uninsured motorist coverage under this policy, for myself and all relatives residing in my household. Uninsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have any insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.

75 Pa.C.S. § 1731(b).

Pursuant to the MVFRL, uninsured motorist coverage is optional, not mandatory.[1]

1. It should be noted that:

 Before the passage of Act 6 [MVFRL], it was indeed the case that all insured vehicle operators were required to have uninsured and underinsured motorist coverage. After the passage of Act 6, uninsured and underinsured motorist coverage became, in the words of the statute, "optional". It is a principle of statutory construction that words and phrases are to be construed according to their common usage. In plain English, then, "optional" means "not required".

 *Pa. Financial Responsibility Assigned Claims Plan v. English*, 427 Pa.Super. 105, 111–12, 628 A.2d 847, 850 (1993), *rev'd on other grounds*, 541 Pa. 424, 664 A.2d 84 (1995) (citations omitted).

 In *English*, the Pennsylvania Supreme Court addressed the issue of whether "the 1990 Amendments (Act 6) to the Motor Vehicle Financial Responsibility Law (MVFRL), **which in part renders uninsured and underinsured coverage optional,** effectively eliminates the obligation of the assigned Claims Plan, 75 Pa.C.S. § 1751–1757 to pay benefits to persons otherwise eligible who are injured while driving or occupying

### § 1731 Availability, scope and amount of coverage

(a) **Mandatory offering.**—No motor vehicle liability insurance policy shall be delivered or issued for delivery in this Commonwealth, with respect to any motor vehicle registered or principally garaged in this Commonwealth, unless uninsured motorist and underinsured motorist coverages are offered therein or supplemental thereto in amounts as provided in section 1734 (relating to request for lower limits of coverage). Purchase of uninsured motorist and underinsured motorist coverages is optional.

75 Pa.C.S. § 1731(a).

 Parker contends that because she is not a resident relative of the policy holder, neither General Accident nor their named insured can reject uninsured motorist benefits on her behalf. Consequently, General Accident cannot claim that the policy holder's waiver of the uninsured benefits applies to Parker. This argument is without merit.

It is well established that:

An injured person who makes a claim for uninsured motorist benefits under a policy to which he is not a signatory is in the category of a third party beneficiary. Historically, this Court has held that third party beneficiaries are bound by the same limitations in the contract as the signatories of that contract. The third party beneficiary cannot recover except under the terms and conditions of the contract from which he makes a claim. *Grim v. Thomas Iron Co.*, 115 Pa. 611, 8 A. 595 (1887). "[T]he rights of an alleged third party beneficiary may arise [sic] no higher than the rights of the parties to the contract and ... they are vulnerable to the same limitations which may be asserted between the promi-

an uninsured vehicle." 541 Pa. at 424, 664 A.2d at 84 (emphasis added) (footnotes omitted). In addressing the intent behind Section 1752(a)(5) of the MVFRL, the Supreme Court held that "the enactment of those provisions rendering uninsured and underinsured motorist coverage optional simply cannot be deemed to have also perforce eliminated coverage under the Assigned Claims Plan for all but essentially pedestrians without any corresponding amendment to § 1752(a)(5)." 541 Pa. at 432, 664 A.2d at 88. Thus, the decision of the Supreme Court in *English* is not contrary to the conclusion we reach here.

sor and the promisee." *Jewelcor Jewelers & Distributors, Inc. v. Corr,* 373 Pa.Super. 536, 553, 542 A.2d 72, 80 (1988), *appeal denied, sub nom., Granjewel Jewelers & Distributors, Inc. v. Corr,* 524 Pa. 608, 569 A.2d 1367 (1989), *citing Williams v. Paxson Coal Co.,* 346 Pa. 468, 31 A.2d 69 (1943). **"Where there is a contract, the right of a beneficiary is subject to any limitation imposed by the terms of the contract."** Restatement (Second) of Contracts, § 309, Comment b (1981).

*Johnson v. Pa. Nat. Ins. Cos.,* 527 Pa. 504, 508, 594 A.2d 296, 299 (1991) (emphasis added). Parker's rights, as a third party beneficiary, are therefore subject to the same limitations in the policy as are Moore's, the policy holder. Since Moore waived uninsured motorist benefits, Parker cannot make a claim for uninsured motorist benefits pursuant to the terms of the General Accident policy.

Therefore, since the policy holder in the instant case waived uninsured motorist coverage, General Accident has no obligation to provide uninsured motorist coverage to Parker. There is no genuine issue of material fact raised in this case. Consequently, summary judgment was properly granted in favor of General Accident. *Stein, supra.*

Order affirmed.